IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY RYAN HADDIX, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-2434-M (BK) | |
| § | | |
| STATE OF TEXAS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the civil rights complaint be dismissed with prejudice as frivolous.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff, a probationer residing in Alvarado, Texas, filed a *pro se* civil rights complaint under 42 U.S.C. §§ 1983 and 1985 against the State of Texas, three Johnson County Sheriff's deputies, two county prosecutors, a Johnson County judge, three court-appointed attorneys, and numerous unidentified Texas lawmakers. (Doc. 1 at 1-5.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Thereafter, to obtain information about the factual basis of the complaint, the Court issued a questionnaire, which Plaintiff has now answered. (Doc. 8.)

The complaint and answers to the questionnaire present multiple claims stemming from Plaintiff's arrest, prosecution, and conviction on state weapons charges, for which he is presently on probation. (Doc. 1 at 1-10; Doc. 8 at Answers 1, 3-11.) In addition, the complaint challenges the Texas criminal statute under which Plaintiff was prosecuted, charges "State of Texas Law

Makers" and "Law Enforcement Agencies" with "conspiracy," and alleges numerous instances of negligence and gross negligence. (Doc. 1 at 7-8; Doc. 8 at Answers 3-11.) Plaintiff requests compensatory and punitive damages. (Doc. 1 at 10.)

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides for *sua sponte* dismissal of a complaint if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous.

### A. <u>Defense Attorneys</u>

Plaintiff seeks to sue his court-appointed attorneys, Ricardo De Los Santos, Shelly Fowler, and Robert E. Luttrell, for acts and omissions during his criminal proceeding. To be cognizable under 42 U.S.C. § 1983, the defendant's conduct must be done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, however, does not act under color of state law in representing a defendant in a criminal case. *See Polk County v. Dodson*, 454 U.S.

312, 324-25 (1981) (public defender does not act under color of state law when performing lawyer's traditional functions in representing defendant in criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (court appointed attorneys are not official state actors). Therefore, Plaintiff cannot sue his court-appointed attorneys under section 1983 because their acts or omissions did not occur under color of state law.

  B. Duplicate Claims

Insofar as Plaintiff's assertions against the remaining Defendants duplicate claims raised and addressed in *Haddix v. State of Texas*, No. 3:10-CV-2352-K (N.D. Tex. 2010), they should be dismissed with prejudice as frivolous. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (*in forma pauperis* complaint is malicious and should be dismissed when it "duplicates allegations of another pending federal lawsuit by the same plaintiff").

  C. State of Texas

Plaintiff seeks to sue the State of Texas. Eleventh amendment immunity, however, bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (States are not persons subject to suit under section 1983, because of the Eleventh Amendment). Therefore, Plaintiff cannot sue the State of Texas for monetary damages under section 1983.

  D. State Prosecutors

Nor can Plaintiff sue Stephanie Miller and Bill Moore, the county prosecutors in his state weapon conviction case. Prosecutors are absolutely immune from liability for damages resulting from activities that are intimately associated with the judicial phase of the criminal process. *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-

31 (1976) (prosecutor is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case). Because Defendants Miller and Moore acted within the scope of their authority at all times relevant to the claims made the basis of this suit (Doc. 8 at Answer 6-7), they are entitled to absolute immunity.

    E.    <u>State Judge</u>

Likewise, Judge Robert Mayfield is entitled to absolute immunity. His actions during the court proceedings that are the basis of this suit (Doc. 8 Answer 8) were taken in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

    F.    <u>*Heck v. Humphrey*</u>

In addition, Plaintiff's claims related to his arrest, prosecution, and conviction are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various claims pled against the individual defendants, including the Sheriff's deputies, "would necessarily imply the invalidity of his conviction" for possession of a prohibited weapon. *Id.* at 487.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive

4

body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487.

Plaintiff cannot satisfy the *Heck* favorable termination requirement. In answer to the questionnaire, he concedes that no court has reversed or invalidated his state conviction. (Doc. 8 Answer 2.) Therefore, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine his conviction. *Heck*, 512 U.S. at 488-89.

G. Conspiracy Claims

Plaintiff's conspiracy allegations are conclusory at best. The complaint and answers to the questionnaire fail to plead the operative facts on which his claim is based. (Doc. 1 at 8; Doc. 8 Answers 12-14.) A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). Here Plaintiff's pleadings are totally devoid of any allegation of facts which would permit an inference that any of the Defendants conspired in any way to deprive Plaintiff of his constitutional rights. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Id.* (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Insofar as Plaintiff relies on 42 U.S.C. § 1985, which Plaintiff cites in passing in his complaint (Doc. 1 at 1), his claim fares no better. *See Lynch v. Cannatella*, 810 F.2d 1363, 1369-

70 (5th Cir. 1987) (bald allegations that a conspiracy existed are insufficient under the civil rights statutes). In addition, Plaintiff has failed to allege that he was the victim of a protected class-based conspiracy as required under section 1985(3).[1] *Newberry v. East Texas State University*, 161 F.3d 276, 281 n.2 (5th Cir. 1998). Accordingly, Plaintiff's conspiracy claims lack an arguable basis in law and should be dismissed as frivolous.

      H.      <u>State Law Claims</u>

Lastly, the complaint and answers to the magistrate judge's questionnaire assert numerous instances of negligence and gross negligence. (Doc. 1 at 6-8; Doc. 8 at Answers 3-11.) Negligent conduct, however, does not rise to a constitutional violation and, thus, is not actionable under section 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). In addition, to the extent Plaintiff seeks to assert negligence claims under state law, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction").

---

[1] Section 1985(3) prohibits persons from conspiring "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . ."

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 1983 complaint be **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED April 5, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE